[Cite as *State v. Sanchez*, 2025-Ohio-1256.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                    :

ISMEAL SANCHEZ, JR.,                :

    Defendant-Appellant.        :

Nos. 114005 and 114011

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 10, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-687070-A and CR-23-683886-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eric Collins, Assistant Prosecuting Attorney, *for appellee.*

Flowers & Grube, Louis E. Grube, and Kendra N. Davitt, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Ismeal Sanchez, Jr. ("Sanchez"), appeals his sentence in two cases, Cuyahoga C.P. Nos. CR-23-683886-A and CR-23-687070-A, arguing that the trial court's imposition of

consecutive sentences was unnecessary because he is serving a sentence of 18 years to life in prison for felony murder in Case No. CR-23-687070-A. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In February 2022, Sanchez was charged in connection with the robbery and shooting death of Bryan Conley ("Conley"), who was found dead in the driver's seat of a vehicle parked on Dudley Avenue in Cleveland, Ohio. Sanchez was 17 years old at the time and was charged in the Juvenile Division of the Cuyahoga County Court of Common Pleas, with multiple counts of aggravated murder, murder, aggravated robbery, discharge of a firearm on or near prohibited premises, felonious assault, and improper handling of a firearm in a motor vehicle with one- and three-year firearm specifications on all but the last count ("the murder case"). The State moved for mandatory bindover to general division (adult court). The juvenile court held a probable cause hearing in October 2022 and denied the State's motion. The State appealed. Sanchez was released pending appeal.

{¶ 3} While the appeal was pending, Sanchez turned 18 and was charged in two more cases in general division. Sanchez was indicted in June 2023 with carrying a concealed weapon and improperly handling firearms in a motor vehicle, both felonies of the fourth degree, arising out of a traffic stop on May 27, 2023, where he was a passenger in his friend's vehicle ("the gun case").[1] Sanchez claimed ownership

---

[1] *See State v. Sanchez*, Cuyahoga C.P. No. CR-23-681619-B (June 8, 2023). Sanchez did not appeal the sentence in this case.

of the gun found under his seat by police, while the friend claimed ownership of the second gun.

{¶ 4} Then in August 2023, Sanchez was indicted in Case No. CR-23-683886-A, with multiple counts of felonious assault on a police officer, aggravated robbery, and robbery. The charges stem from Sanchez and two other individuals attempting to steal the victim's vehicle from his driveway in broad daylight on June 11, 2023 ("the assault case"). When the victim identified himself as a police officer and attempted to stop Sanchez, Sanchez assaulted the officer with a screwdriver causing serious physical harm to his scalp, as well as injuries to his knees and elbow.

{¶ 5} In November 2023, finding that there was probable cause to believe Sanchez shot the victim, this court reversed and remanded the murder case to the juvenile court with instructions to issue a mandatory bindover order. *See In re I.S.*, 2023-Ohio-3975 (8th Dist.). On remand, the juvenile court issued the mandatory bindover order on the murder case as mandated by this court. Thereafter, Sanchez was indicted in December 2023 with two counts of aggravated murder; one count of murder; two counts of felony murder; two counts of aggravated robbery; one count of discharge of a firearm on or near prohibited premises; two counts of felonious assault; and one count of improperly handling firearms in a motor vehicle. All but the last count carried one- and three-year firearm specifications.

{¶ 6} In lieu of trial, Sanchez accepted a plea agreement in all three cases. In March 2024, he pled guilty to an amended count of carrying a concealed weapon,

a misdemeanor of the first degree, in the gun case; attempted felonious assault of a police officer and robbery; felonies of the second degree, in the assault case; and felony murder with the three-year firearm specification, in the murder case. The State dismissed all other charges and specifications.

{¶ 7} A sentencing hearing was held in May 2024. Conley's mother and cousin gave victim-impact statements in the murder case, and the police officer gave a victim-impact statement in the assault case. The State requested consecutive sentences. Defense counsel asked for the minimum sentence due to Sanchez's young age. Sanchez apologized for "the crimes that I did and I'm sorry for everything I done. That's it." (Tr. 92.)

{¶ 8} The trial court indicated that it reviewed the presentence-investigation report, the mitigation report, as well as the "sentencing laws of Chapter 2929 of the Ohio Revised Code." (Tr. 94.) The trial court sentenced Sanchez to 18 years to life in prison for the murder case; four to six years in prison on the assault case; and 180 days in county jail (time served) on the gun case. The murder case was ordered to be served consecutively to the assault case, making Sanchez "first eligible for parole after no less than 22 years." (Judgment Entry, June 3, 2024.) The court found that postrelease control was not applicable in this situation, citing R.C. 2967.28, and waived court costs. Sanchez filed a timely notice of appeal raising the following assignments of error for review:

> **Assignment of Error I:** The trial court erred or committed plain error by imposing consecutive sentences because its findings of

necessity under R.C. 2929.14(C)(4) clearly and convincingly lack support in the record.

**Assignment of Error II:** The fact that Sanchez must serve a life tail with only parole eligibility renders consecutive sentences unnecessary.

## II. Law and Analysis

### A. Standard of Review

{¶ 9} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; but rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under * * * (C)(4) of section 2929.14 * * * " or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See State v. Marcum*, 2016-Ohio-1002, ¶ 21.

### B. Consecutive Sentences

{¶ 10} In both assignments of error, Sanchez contends that the trial court erred in imposing consecutive sentences, arguing that consecutive sentences were not necessary to protect the public and were disproportionate to the danger Sanchez poses to the public. We disagree.

{¶ 11} Although R.C. 2929.41(A) presumes that multiple felony sentences should be served concurrently, R.C. 2929.14(C)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender serve the prison terms consecutively." In order to impose consecutive sentences, the court must find that the consecutive sentences are

(1) necessary to protect the public from future crime or to punish the offender, (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the following findings:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 12} We note that "[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing" and "incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. The trial court is not required to recite verbatim the statutory language; however, we must be able to glean from the record that all of the findings required by R.C. 2929.14(C) were made by the trial court. *Id*. at ¶ 36-37. Furthermore, a trial court is not required to state its reasons in support of its consecutive sentence findings. *State v. Johnson*, 2018-Ohio-3670, ¶ 49 (8th Dist.), citing *Bonnell* at ¶ 37.

{¶ 13} Here, the trial court ordered that the sentences in the assault case and the murder case be served consecutively to each other. The court made the required findings, stating that

[f]irst of all, I find that a consecutive service is necessary to protect the public from future crime, not only by you, of course, but by others who may be similarly inclined, as well. In other words, as kind of a deterrent.

Also, I find that consecutive service is necessary to adequately punish here. In other words, if everything was swept under one umbrella, then you're not — there is no punishment for the felonious assault – I'm sorry — the attempted felonious assault and robbery. And that doesn't seem right, given the gravity of the offenses.

I also find that consecutive sentences are not disproportionate to the seriousness of your conduct and, of course, to the obvious danger that you pose to the public.

Additionally, I find that you committed the other cases, the second and third cases — well, in particular, the second, the attempted felonious assault, while proceedings were pending on the claim of murder in the juvenile division.

Additionally, I find that these multiple offenses were committed as a part of one or more separate courses of conduct and that no single prison term for any of these offenses committed as part of these courses of conduct adequately reflects the seriousness of the conduct.

And it's also worth mentioning that I think consecutive sentences are necessary to protect the public from future crime, given your thorough history of criminal conduct.

{¶ 14} In the instant matter, Sanchez acknowledges that the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4). He argues, however, that consecutive sentences are not *necessary* because he is serving a life sentence without the possibility of parole until he has served at least 18 years in prison; therefore, he contends that the four-year sentence on the assault case should be served concurrently to his murder case. We note, however, that "this court has upheld consecutive sentences that include a life sentence as long as the trial court complied with R.C. 2929.14(C)(4) and made the requisite findings." *State v. Sheline*, 2019-

Ohio-528, ¶ 179 (8th Dist.), citing *State v. Bennett*, 2018-Ohio-287, ¶ 4 (8th Dist.) (this court upheld an aggregate sentence of life with parole eligibility after 27 years); *State v. Peak,* 2015-Ohio-4702, ¶ 6 (8th Dist.) (this court upheld the trial court's decision to run life sentences with parole eligibility after ten years on two counts of rape consecutively); *see also State v. Plymale*, 2016-Ohio-3340, ¶ 64 (4th Dist.), citing *State v. Roark*, 2015-Ohio-3811, ¶ 24 (3d Dist.) (recognizing that appellate courts have upheld the imposition of consecutive life sentences without the possibility of parole as long as the trial court complies with R.C. 2929.14(C)(4) and makes the required findings).  In the instant case, the trial court made the proper findings in order to impose consecutive sentences.

{¶ 15} Nevertheless, Sanchez maintains that he will not be released under the parole board guidelines until he has been adequately punished and no longer represents a danger to society; therefore, as a result, consecutive sentences are not necessary.  He asserts that he "committed all of his crimes during a short window right in the middle of his youthful years, he had limited earlier criminal history, and his PTSD and marijuana abuse were major contributing factors."  (Sanchez brief, p. 23.)  He contends that "there was no factual basis for the findings made in support of consecutive sentences, either because his presumptive life prison term renders them objectively unnecessary or because the record does not show he presents a significant long-term danger to the public or requires additional punishment beyond what a concurrent sentence would provide."  (Sanchez reply brief, p. 5.)

{¶ 16} Again, we disagree with Sanchez's assessment of his situation and note that a similar argument was made and rejected by this court in *State v. Hoskin*, 2022-Ohio-3917 (8th Dist.). In *Hoskin*, the appellant argued that because he was "sentenced to life in prison with only the 'possibility' of parole, consecutive sentences are not 'necessary' to protect the public or punish him." *Id.* at ¶ 73. This court stated that

> Hoskin's argument, while novel and interesting, fails as a matter of law. Hoskin does not take into account the facts of his case. Rather, he argues that, in the abstract, consecutive sentences are not "absolutely needed," "essential," "indispensable," or "requisite" to protect the public from him or punish him because he "will not be released under the parole guidelines until he has been adequately punished and no longer represents a danger to society[.]"

*Id.* at ¶ 76. We held that the record clearly and convincingly supported the trial court's finding that consecutive sentences were necessary to protect the public and punish the offender, noting Hoskin's criminal history and the fact that he was being sentenced on multiple cases. *Id.* at ¶ 79.

{¶ 17} Similarly, in the instant case, the record clearly and convincingly supports the trial court's findings that consecutive sentences are necessary to protect the public and to punish Sanchez. Although Sanchez had a minor juvenile history, his debut into adulthood is chilling. Sanchez pled guilty to felony murder and robbery where the evidence established that Conley was shot in the back five times at point-blank range, before Sanchez and his friend stole Conley's marijuana. Then while Sanchez was released, pending the State's appeal, he was arrested with the same friend for the gun case. Soon thereafter, Sanchez was arrested for the assault

case, where he wrestled with the police officer, attacking him with a screwdriver. Sanchez's attack required three staples to the back of the police officer's head.

{¶ 18} The Ohio Supreme Court has held that "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177, at ¶ 29. Here, the record reflects that the trial court considered the presentence-investigation report, the mitigation report, the victim-impact statements, the arguments of counsel and the purposes and principles of sentencing as outlined in R.C. Ch. 2929, when fashioning Sanchez's sentence. Upon review, we find that the trial court complied with R.C. 2929.14(C)(4) and engaged in the proper analysis for consecutive sentences and the record clearly and convincingly supports the trial court's findings that consecutive sentences are necessary to protect the public and to punish Sanchez, and are not disproportionate to the harm caused or the danger Sanchez poses to the public.

{¶ 19} Accordingly, Sanchez's first and second assignment of error are overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's

conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR